**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────────────

IN RE
     HEIDI LYNN BENJAMIN,                         Chapter 7
                                        Debtor.          Case No. 25-10830

───────────────────────────────────────────────

## DEBTOR'S RESPONSE AND LIMITED OBJECTION TO MOTION OF TITAN ROOFING INC. FOR RELIEF FROM THE AUTOMATIC STAY

Debtor HEIDI LYNN BENJAMIN, by and through her attorney Elizabeth Fairbanks-Fletcher, Esq., Fairbanks Fletcher Law PLLC, hereby responds to Titan Roofing Inc.'s motion for relief from the automatic stay (the "Motion") as follows:

1. Debtor does not oppose a limited modification of the automatic stay to permit Titan to continue its pending mechanic's lien foreclosure action with respect to the real property located at 55 Third Street, Troy, New York (the "Property"), including amendment of the state court complaint to name Debtor as record owner and continuation of the action to judgment of foreclosure and sale.

2. Debtor consents to such relief only to the extent it is expressly limited to *in rem* enforcement of Titan's alleged lien against the Property and does not authorize any collection or enforcement against Debtor personally, whose personal liability, if any, is subject to discharge and 11 U.S.C. § 524.

3. The Chapter 7 trustee has filed a Report of No Distribution, and Debtor's schedules reflect that the Property is fully encumbered by real property tax arrears, a first mortgage, and Titan's asserted mechanic's lien, with no equity for the estate.

4. Prior to the petition date, the Property was owned by Debtor's company, Takk House LLC. At the request of the taxing authority, and in connection with Debtor's efforts to address delinquent real property taxes, title to the Property was transferred to Debtor individually shortly before the filing to facilitate a potential payment arrangement, which ultimately did not materialize.

5. Debtor submits that the Court can resolve the Motion by granting limited *in rem* stay relief under 11 U.S.C. § 362(d)(1) and (2). It is not necessary to decide whether the stay was "applicable" at any prior time, whether the Property has already been abandoned, or whether Debtor acted with any improper intent in connection with the transfer.

      6.     Debtor objects only to any order language suggesting the stay did not apply, that the Property has already been abandoned, characterizing Debtor's conduct, or adjudicating the validity, priority, or amount of Titan's lien.

      7.     Debtor respectfully requests that any order granting relief from the automatic stay (a) recite that relief is granted under 11 U.S.C. § 362(d) solely to permit *in rem* enforcement of Titan's alleged lien against the Property, (b) make clear that Titan may not pursue any *in personam* relief or collection against Debtor by virtue of that order, and (c) state that the order does not determine the validity, priority, or amount of Titan's claim or lien, which are reserved to the state court or any appropriate proceeding.

      8.     Debtor further requests that the Court clarify that nothing in the order shall prejudice the rights of Debtor, the Chapter 7 trustee, any successor trustee, or any other party in interest to contest Titan's claim or lien, or to address the treatment of any allowed claim in any future bankruptcy case.

      9.     Debtor has no desire to burden the Court with an evidentiary hearing on a routine stay motion and believes the issues described above can be resolved by agreement. Debtor therefore respectfully requests that the Court afford counsel for Debtor and Titan a short period of time to confer and submit an agreed order on consent that grants limited *in rem* relief consistent with the Court's ruling. If the parties are unable to agree, Debtor requests leave to submit a short letter and proposed form of order identifying the remaining areas of disagreement.

      **WHEREFORE**, Debtor respectfully requests that the Court enter an order granting limited relief from the automatic stay consistent with the foregoing, directing the parties to confer regarding a consent order, and granting such other and further relief as the Court deems just and proper.

Dated: November 18, 2025              /s/ Elizabeth Fairbanks-Fletcher, Esq. 513317
                                              FAIRBANKS FLETCHER LAW PLLC
                                              *Attorneys for Debtor(s)*
                                              178 Elm St., Ste. 4
                                              Saratoga Springs, NY 12866